IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02903-BNB

CARLOS H. SAENZ, JR.,

    Applicant,

v.

WARDEN SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN W. SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 9 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Carlos H. Saenz, Jr., is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado State Penitentiary. Mr. Saenz initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Saenz is challenging the validity of his conviction and sentence in Case No. 06CR851, in the Adams County District Court.

In an order filed on January 14, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses. On January 25, 2010, Respondents submitted a Pre-Answer Response. Mr. Saenz has not filed a reply. On March 3, 2010, Magistrate Judge Boland ordered Respondents to file a supplement to the Pre-Answer Response to inform the Court

whether Mr. Saenz had filed a notice of appeal to the Colorado Court of Appeals (CCA) with respect to his post-conviction motion filed September 28, 2009. Respondents filed a supplement to the Pre-Answer Response on March 11, 2010.

The Court must construe liberally the Amended Application filed by Mr. Saenz because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Application will be dismissed.

Mr. Saenz was convicted by a jury of one count of possession with intent to distribute cocaine and was sentenced to sixteen years in prison. Pre-Answer Resp. at 1. Mr. Saenz filed a direct appeal to the CCA, and the CCA affirmed the trial court on September 11, 2008. *See People v. Saenz*, No. 07CA1196 (Colo. App. Sept. 11, 2008) (unpublished opinion). The Colorado Supreme Court (CSC) denied certiorari review on December 22, 2008. Pre-Answer Resp. at Ex. E.

On January 30, 2009, Mr. Saenz filed a *pro se* motion for reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on February 11, 2009. *Id.* at Ex. G, p. 11-12. Mr. Saenz did not file an appeal.

On August 19, 2009, Mr. Saenz filed a *pro se* motion for appointment of counsel to represent him in filing a post-conviction motion pursuant to Colo. R. Crim. P. 35(c). *Id.* at 12. On August 20, 2009, the trial court denied the motion for appointment of counsel subject to review of the Rule 35(c) motion after it was properly filed. *Id.* Mr. Saenz filed a *pro se* Rule 35(c) motion on September 28, 2009, and the trial court

2

denied the motion on October 15, 2009. *Id.* On December 18, 2009, Mr. Saenz filed a *pro se* motion in the trial court which purported to appeal that court's denial of his motion for appointment of counsel. *Id.* at 13. The trial court construed the filing as a motion to reconsider its earlier denial of the Rule 35(c) motion, and denial of appointment of counsel, and denied the motion on January 7, 2010. *Id.* Mr. Saenz did not file an appeal.

Mr. Saenz then filed the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was received by the Court on December 11, 2009, and the Amended Application, which was received by the Court on January 11, 2010. In the Amended Application, Mr. Saenz asserts four claims for relief, as follows:

(1) There is newly discovered evidence in his case, including:

    (a)   The fact that a Colorado Bureau of Investigation agent failed to find usable fingerprints on baggies or other containers of cocaine that Mr. Saenz was conviction of possessing; and

    (b)   Mr. Saenz and his girlfriend were both lessees of the home in which the drugs were found, and his girlfriend had previously been on probation for drug possession.

(2) The trial court erred by:

    (a)   Informing the jury that the searching officer was at Mr. Saenz's home for "unrelated matters" because that response "implicitly" informed the jury that Mr. Saenz had "other pending criminal matters;" and

    (b)   Denying Mr. Saenz a continuance that would have prevented the jury from seeing injuries he sustained in fights while incarcerated.

(3) Mr. Saenz received ineffective assistance of counsel because trial counsel:

    (a) Failed to take adequate steps to obtain the presence of witnesses who could have established Mr. Saenz's innocence;

    (b) Failed to investigate and prepare for trial; and

    (c) Failed to "show weaknesses in" the prosecution's case.

(4) The state courts erred by denying Mr. Saenz an appeal bond.

Respondents concede that the instant action is timely pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that Mr. Saenz failed to exhaust state court remedies for several of the claims asserted in the application. Respondents further argue that Mr. Saenz presents a "mixed petition" because the amended application contains both unexhausted and exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982)

First, Respondents assert that claims 1(a), 1(b), 3(a), 3(b) and 3(c) were raised by Mr. Saenz in his Rule 35(c) motion and remain unexhausted because Mr. Saenz may still appeal the denial of this motion to the CCA.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

4

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose*, 455 U.S. at 522; *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

If a petitioner has not exhausted his state remedies, his petition is generally denied without prejudice so that he may present his claims to the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred," then the petitioner is considered to have procedurally defaulted his claims and federal habeas review is precluded. *Id.* at 755 n. 1. Indeed, a federal district court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman,* 501 U.S. at 730.

The Court has reviewed the state court briefs in Mr. Saenz's case, copies of which were submitted by Respondents with their Pre-Answer Response. As evidenced by those records, Mr. Saenz filed a Rule 35(c) motion on September 28, 2009, in which he raised claims of newly discovered evidence and ineffective assistance of counsel. Pre-Answer Resp. at Ex. G, p. 12-13. The trial court denied the Rule 35(c) motion on October 15, 2009, and denied Mr. Saenz's motion to reconsider on January 7, 2010. Mr. Saenz thereafter had forty-five days, or until February 22, 2010, to appeal the denial of these motions to the CCA. *See* Colo. App. R. 4(b)(1). As of March 11, 2010, Mr. Saenz had not filed a notice of appeal with the CCA. *See* Supp. Pre-Answer Resp. at 1. Accordingly, Mr. Saenz has failed to exhaust these claims because he has not

presented them to the highest state court. *Dever*, 36 F.3d at 1534.

In the Amended Application, however, Mr. Saenz appears to state that he is currently in the process of filing an appeal of his Rule 35(c) motion. Amended Application at 3-5. Because the Court cannot definitively say whether the state appellate court will permit Mr. Saenz to file an untimely notice of appeal, the Court will not dismiss claims 1(a), 1(b), 3(a), 3(b) and 3(c) as procedurally defaulted. Instead, the Court finds that Mr. Saenz failed to exhaust state court remedies for these claims and that he may still be in the process of attempting to present the claims to the CCA. Accordingly, these claims must be dismissed without prejudice for failure to exhaust state court remedies.

Second, Respondents assert that claims 2(a) and 2(b) are unexhausted and procedurally defaulted because the claims were not raised as issues of federal constitutional law in Mr. Saenz's direct appeal to the CCA. Pre-Answer Resp. at 14-16. Having reviewed the opening brief in Mr. Saenz's direct appeal, the Court finds that his presentation of claims 2(a) and 2(b) did not satisfy the fair presentation requirement for the simple reason that he failed to connect these issues to any claim under federal law. *See* Pre-Answer Resp. at Ex. A, p. 10-16. He did not cite any specific provision of the federal Constitution, he relied only on Colorado state law, and he did not label the claims as "federal" claims. *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004). Mr. Saenz failed to set forth any argument which would have alerted the state appellate court to particularized claims of violations of his federal constitutional rights such as those he brings in this Court. Accordingly, Mr. Saenz has failed to exhaust claims 2(a)

and 2(b) because he failed to present them as federal constitutional claims in the state court proceedings. *See Duncan*, 513 U.S. at 365-66.

Respondents further assert that claims 2(a) and 2(b) cannot now be raised in a post-conviction motion because the claims would be successive under Colorado law. If claims 2(a) and 2(b) would be barred from review in state court on an independent and adequate state procedural ground, the claims technically are exhausted because Mr. Saenz no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. However, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Nonetheless, the Court will not address Respondents' arguments with respect to claims 2(b) and 2(b) because the Court cannot dismiss those claims as procedurally barred, which would operate as a decision on the merits as to those claims, and also dismiss claims 1(a), 1(b), 3(a), 3(b) and 3(c) without prejudice for failure to exhaust state remedies. Even if Respondents are correct that claims 2(a) and 2(b) are procedurally barred and, as a result, technically exhausted, the Court must dismiss the entire action as a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133. Therefore, the Court will dismiss the entire action without prejudice for failure to exhaust state court remedies. Accordingly, it is

8

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  29th   day of   March  , 2010.

BY THE COURT:


 s/Philip A. Brimmer                        
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02903-BNB

Carlos H. Saenz
Prisoner No. 111127
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/29/10

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk